# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2010

No. 09-70015

Charles R. Fulbruge III
Clerk

MICHAEL WAYNE HALL,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:

We previously remanded this habeas matter to the district court for an evidentiary hearing on whether the petitioner is mentally retarded and, thus, ineligible for the death penalty, a sentence of the Texas state court.[1] After conducting a hearing, the federal district court found that Hall was not retarded. Reasonable jurists would not disagree with the careful analysis of the district court or that the issues presented were inadequate to deserve encouragement to

---

[1] *See generally Hall v. Quarterman*, 534 F.3d 365 (5th Cir. 2008).

No. 09-70015

proceed further.[2]

Hall also seeks a certificate of appealability (COA) on two other issues: whether the Texas death penalty statute or the mitigation special issue submitted to the jury violates the Constitution. Ultimately, Hall has failed to make a substantial showing of the denial of a constitutional right – for essentially the reasons stated by the district court.[3]

We deny each of Hall's requests for a COA.

PATRICK E. HIGGINBOTHAM, concurring:

There is no question but that the district court's rejection of Hall's claim of retardation must be affirmed – given that the district court had to defer to the state court's factual findings by direction of this court.

Persuaded that the state court had denied Hall due process in its handling of his claim of retardation, I would have remanded to state court for "a hearing that not only affords the opportunity to confront and cross examine the state witnesses but also a hearing free of the deference the federal district court must give to the state adjudication of retardation . . . ."[1] The able district court on remand, well aware of the panel division on this point, conducted a searching

---

[2] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We note that the district court on remand – despite Hall's claim that it should not have – properly gave deference to the state court's determinations of factual issues. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

[3] *See Hall v. Quarterman*, 443 F. Supp. 2d 815 (N.D. Tex. 2006), *vacated on other grounds by Hall v. Quarterman*, 534 F.3d 365 (5th Cir. 2008).

[1] *Hall v. Quarterman*, 534 F.3d 365, 397-98 (5th Cir. 2008) (Higginbotham, J., concurring in part and dissenting in part).

No. 09-70015

live hearing into Hall's mental capacity and found – both with the commanded deference to the state court and as an *original* matter – that Hall was not retarded.  While I do not retreat from my views that the state of Texas should have been given the opportunity to afford Hall the hearing due to him, I cannot but agree that Judge McBryde gave Hall's claim all the care and attention due – an exemplar of what the state ought to have done.